```
IN THE UNITED STATES DISTRICT COURT

        FOR THE DISTRICT OF HAWAII

DAVID M. THOMPSON, JR.,       )   CIVIL NO. 11-00638 LEK-RLP
                              )
        Plaintiff,            )
                              )
    vs.                       )
                              )
CRANE COMPANY, ET AL.,        )
                              )
        Defendants.           )
_____)
```

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO
TAKE AN INTERLOCUTORY APPEAL FROM ORDER DATED 4/17/2012**

Before the Court is Plaintiff David M. Thompson, Jr.'s ("Plaintiff") Motion for Leave to Take an Interlocutory Appeal from Order Dated 4/17/2012 ("Motion"), filed on May 1, 2012. Defendant Crane Co. ("Crane") filed its memorandum in opposition on May 16, 2012, and Plaintiff filed his reply on May 23, 2012. None of the other defendants responded to the Motion. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Motion is HEREBY GRANTED because the proposed appeal could materially affect the outcome of the instant litigation, and for the reasons set forth below.

**BACKGROUND**

Plaintiff filed his Complaint on September 6, 2011 in state court. The Complaint alleges that Plaintiff was exposed to asbestos while working at Pearl Harbor Naval Shipyard and two non-military shipyards during various periods from 1951 to 1985. The defendants in this action allegedly manufactured, sold, and/or supplied products which contained asbestos to the shipyards. Plaintiff claims that his exposure to the defendants' products directly and proximately caused him to develop asbestos-related diseases and injuries. [Complaint at ¶¶ 1, 5-6.]

On October 21, 2011, Defendant Warren Pumps, LLC ("Warren") filed its Notice of Removal. Warren asserted that removal was appropriate under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), because Warren: 1) acted under the direction of a federal officer in manufacturing the products at issue; 2) has a colorable defense to Plaintiff's claims; and 3) can establish a causal nexus between Plaintiff's claims and the acts Warren performed under the direction of a federal officer. The Notice of Removal asserts that Warren has a colorable federal defense as a government contractor pursuant to Boyle v. United Technologies Corp., 487 U.S. 500 (1988). [Notice of Removal at ¶¶ 6, 8.]

On October 24, 2011, Defendant IMO Industries, Inc. ("IMO") and Defendant Air & Liquid Systems Corporation, successor

by merger to Buffalo Pumps, Inc. ("Buffalo"), each filed a joinder in Warren's Notice of Removal. [Dkt. nos. 2, 6.] Crane filed its joinder on October 25, 2011.[1] [Dkt. no. 11.]

Plaintiff filed his Motion to Remand on November 10, 2011. [Dkt. no. 28.] The Removing Defendants each opposed the Motion to Remand. [Dkt. nos. 54, 55, 57, 82.]

I. **Remand Order**

On April 17, 2012, this Court issued its Order Denying Plaintiff's Motion to Remand ("Remand Order"). 2012 WL 1344453. In the Remand Order, this Court concluded that, "even where the asserted federal defense is the government contractor defense, 'a defense is colorable for purposes of determining jurisdiction under Section 1442(a)(1) if the defendant asserting it identifies facts which, viewed in the light most favorable to the defendant, would establish a complete defense at trial.'" Id. at *20 (footnote omitted) (quoting Hagen v. Benjamin Foster Co., 739 F. Supp. 2d 770, 783 (E.D. Pa. 2010)). This Court applied the modified Boyle analysis for failure-to-warn claims as set forth in Getz v. Boeing Co., 654 F.3d 852, 867 (9th Cir. 2011), and noted that Getz rejected the proposition that a defendant asserting the government contractor defense must prove that the government rejected the specific warning at issue in the case.

---

[1] The Court will refer to Warren, IMO, Buffalo, and Crane collectively as the "Removing Defendants".

Id. at *20-21.

This Court found that Buffalo made a colorable showing that it could establish all of the elements of the Getz analysis, and therefore Buffalo established that it had a colorable federal defense. Id. at *24-27. Further, this Court found that Buffalo established all of the requirements for federal officer removal jurisdiction and concluded that Buffalo's removal was proper and sufficient to establish jurisdiction over all Defendants in this case, even assuming *arguendo* that the other Removing Defendants could not establish that they were entitled to federal officer removal jurisdiction. Id. at *27-29.

## II. **Plaintiff's Motion**

In the instant Motion, Plaintiff argues that an interlocutory appeal is appropriate in this case because the existence of federal jurisdiction is a threshold issue and whether the Removing Defendants have presented a colorable defense and established the requisite causal nexus are controlling issues of law. [Mem. in Supp. of Motion at 2.] Plaintiff also argues that the requirements to establish a colorable defense and a causal nexus in asbestos failure-to-warn cases are hotly contested issues in the district courts within the Ninth Circuit, as well as in district courts across the country. [Id. at 2-10 & n.1 (listing cases concluding that there was no removal jurisdiction in similar cases).] Finally,

Plaintiff argues that an interlocutory appeal would materially advance the ultimate termination of the litigation, regardless of the outcome on the appeal. If the Ninth Circuit holds that there is no removal jurisdiction, the ruling will terminate the case. Plaintiff also argues that, even if the Ninth Circuit affirms this Court's ruling that removal jurisdiction exists, a ruling on the admissibility of the affidavits by Retired Rear Admiral Roger B. Horne, Jr., Retired Rear Admiral David P. Sargent, Jr., and Samuel A. Forman, M.D., will also advance the ultimate resolution of the case. [Id. at 10.]

### III. **Crane's Memorandum in Opposition**

In its memorandum in opposition, Crane emphasizes that Plaintiff's mere disagreement with the Remand Order is not grounds for an interlocutory appeal. Crane contends that the Remand Order does not present an issue in which there is a substantial ground for a difference of opinion because Plaintiff's arguments in favor of remand are based on an incorrect interpretation of In re Hawaii Federal Asbestos Cases, 960 F.2d 806 (9th Cir. 1992), and Butler v. Ingalls Shipbuilding, Inc., 89 F.3d 582 (9th Cir. 1996). Crane argues that the Ninth Circuit's recent decision in Getz is controlling and precludes Plaintiff's arguments based on In Hawaii Federal Asbestos and Butler. [Mem. in Opp. at 4-5.] Crane emphasizes that Getz is consistent with the decisions of other circuits that have

addressed whether the federal contractor defense requires a showing that the government prohibited the specific warnings at issue. [Id. at 5-6.] Crane urges this Court to disregard the district court orders that Plaintiff cited in the Motion because they pre-date Getz and rely on interpretations of Ninth Circuit precedent which Getz rejected. [Id. at 6-7.]

Crane further argues that an interlocutory appeal is not warranted because Plaintiff intends to dispute issues of fact in his appeal, in particular whether this Court accorded appropriate weight to the Removing Defendants' evidence. District courts should not certify interlocutory appeals for the purpose of challenging factual findings. [Id. at 7 (citing Johnson v. Alldredge, 488 F.2d 820, 822 (3d Cir. 1973), cert. denied, 419 U.S. 882 (1974)).]

Finally, Crane argues that an interlocutory appeal will not materially advance the termination of this case because "there is no indication that a remand to state court will materially advance the ultimate termination of the case." [Id. at 9 (citing Van Scoy v. New Albertson's Inc., No. 2:08-cv-02237, 2011 WL 597020 at *1 (E.D. Cal. Feb. 9, 2011)).] Crane asserts that a remand to state court would unnecessarily prolong the action and burden the parties. [Id.]

Crane therefore urges the Court to deny the Motion.

## IV. Plaintiff's Reply

In his reply, Plaintiff argues that he has satisfied the requirements for an interlocutory appeal. As to Crane's argument that there is no split of authority among the appellate courts, Plaintiff emphasizes that, until November 2011, remand orders addressing removal petitions based on 28 U.S.C. § 1447(d) were not immediately appealable. Thus, Plaintiff contends that the inconsistent rulings among the district courts constitutes a difference of opinion for purposes of § 1292(b). [Reply at 4-6.] Plaintiff also argues that Getz is not controlling because it did not address the requirements to establish a colorable defense or a causal nexus for purposes of removal jurisdiction. Moreover, Getz is distinguishable on its facts. The contract at issue in Getz effectively precluded the manufacturer from issuing warnings because the Army was responsible for drafting the operating manual, and Plaintiff argues that Getz was really a design-defect case because the Army rejected the safety device at issue, and it was unclear whether any warning could have remedied that defect. [Id. at 6-7.]

Plaintiff also denies that the interlocutory appeal would raise factual issues. Plaintiff has always contended that the only evidence that the Removing Defendants have to support their position is the affidavits of Horne, Sargent, and Forman. Plaintiff has always argued that those affidavits are

7

inadmissible speculation and, in conjunction with the Motion to Remand, Plaintiff asked this Court to strike the affidavits. The admissibility of those affidavits is a legal issue, and Plaintiff argues that the decisions ordering remand which Plaintiff cited in the Motion have found identical affidavits to be inadmissible. [Id. at 8-9.] Plaintiff also argues that the interlocutory appeal will address the legal issues of: "whether Getz holds that the Navy's approval of any warnings in a technical manual immunizes the defendant for failure to warn of a different danger not warned about at all[;]" [id. at 9-10 (emphasis in original);] and "whether a 'colorable federal defense' is an allegations-only standard or requires admissible evidence" [id. at 11].

Finally, Plaintiff reiterates that the interlocutory appeal would materially advance the ultimate termination of this case. Plaintiff argues that the cases Crane cited in its memorandum in opposition are inapplicable, and Plaintiff emphasizes that, if federal officer removal jurisdiction does not exist, there is no other basis for federal jurisdiction. Plaintiff also asserts that, if this Court had granted Plaintiff's motion for remand, Crane would have appealed that decision. [Id. at 12-13.]

Plaintiff therefore urges the Court to grant the Motion.

## **STANDARD**

Plaintiff seeks leave to file an interlocutory appeal from the Remand Order pursuant to 28 U.S.C. § 1292(b), which states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

(Emphasis in original.)

This district court has recently described the standard applicable to § 1292(b) as follows:

> A movant seeking an interlocutory appeal has a heavy burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978); see also James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ("Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."); Pac. Union Conference of Seventh-Day Adventists v. Marshall, 434 U.S. 1305, 1309 (1977) ("The policy against piecemeal interlocutory review other than as provided for by statutorily authorized appeals is a strong one."

9

> (citations omitted)).  Indeed, § 1292(b) is used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982) (citing U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam)).

Leite v. Crane Co., Civil No. 11-00636 JMS/RLP, 2012 WL 1982535, at *2 (D. Hawai`i May 31, 2012).[2]

## DISCUSSION

### I. Controlling Question of Law

As to the requirement that a proposed interlocutory appeal raise a controlling question of law, the district court in Leite stated:

> As to whether an issue is "controlling," "all that must be shown in order . . . is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement, 673 F.2d at 1026 (citing U.S. Rubber Co., 359 F.2d at 785). Questions of law appropriate for interlocutory appeal include "the determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law should be applied." Id.

---

[2] In Leite, which also arises from one of the plaintiff's exposure to asbestos while he worked at Pearl Harbor Naval Shipyard, the magistrate judge issued findings and recommendation to grant the plaintiffs' motion to remand, but the district judge sustained the objections to the findings and recommendation and denied the motion to remand, concluding that removal was proper pursuant to § 1442(a)(1). Leite v. Crane Co., Civil No. 11-00636 JMS/RLP, 2012 WL 1277222 (D. Hawai`i Apr. 16, 2012). As in the instant case, the plaintiffs moved for leave to take an interlocutory appeal. The district judge found that the plaintiffs established all of the requirements for an interlocutory appeal and granted the motion. 2012 WL 1982535.

> As to whether an interlocutory appeal raises a "question of law," the Ninth Circuit has not precisely defined this term, but "several other courts have concluded a 'question of law' under § 1292(b) means a 'pure question of law' rather than a mixed question of law and fact or the application of law to a particular set of facts." Chehalem Physical Therapy, Inc. v. Coventry Health Care, Inc., 2010 WL 952273, at *3 (D. Or. Mar. 10, 2010) (collecting cases); see also McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004) (stating that "§ 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts"); Ahrenholz v. Bd. of Trs. of Univ. of Ill., 219 F.3d 674, 677 (7th Cir. 2000) ("The idea [behind § 1292] was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case."); Keystone Tobacco Co. v. U.S. Tobacco Co., 217 F.R.D. 235, 239 (D.D.C. 2003) (When "the crux of an issue decided by the court is fact-dependent, the court has not decided a 'controlling question of law' justifying immediate appeal.").

Id. at *5 (alterations in Leite).

Plaintiff's proposed interlocutory appeal will challenge this Court's ruling that federal officer removal jurisdiction exists in this case. In this Court's view, it cannot be disputed that the existence of federal jurisdiction is a threshold determination. See, e.g., Doe v. Mann, 415 F.3d 1038, 1040 (9th Cir. 2005) ("As a threshold matter, we conclude that the federal court has jurisdiction under 28 U.S.C. § 1331[.]"). Further, if the Ninth Circuit reverses this Court's

ruling that federal jurisdiction exists, the Ninth Circuit will order that the case be remanded to the state court, terminating the action in this district court.  Thus, the outcome of Plaintiff's proposed interlocutory appeal "could materially affect the outcome of litigation in the district court."  See In re Cement, 673 F.2d at 1026 (citation omitted).

As to whether Plaintiff's proposed interlocutory appeal presents questions of law, the Court acknowledges that the Remand Order addressed some questions of fact, including whether the Navy made specific edits regarding warnings in the technical manuals of the Removing Defendants' products and whether the Removing Defendants provided the warnings which the Navy did require.  2012 WL 1344453, at *24-25.  Such factual issues, however, were not the crux of the Remand Order, particularly because Plaintiff argued in conjunction with the Motion for Remand, and will argue in the proposed interlocutory appeal, that this Court should have disregarded the Removing Defendants' proffered affidavits as a matter of law.  Legal issues are at the heart of Plaintiff's proposed interlocutory appeal, such as what is necessary to establish a colorable government contractor defense and the causal nexus requirement in general, and whether Getz effectively overrules In Hawaii Federal Asbestos and Butler.

This Court therefore finds that Plaintiff's proposed interlocutory appeal presents controlling questions of law.

**II. <u>Substantial Ground for a Difference of Opinion</u>**

As to the second requirement that there be substantial ground for a difference of opinion regarding the controlling question of law, the Ninth Circuit has stated:

> To determine if a "substantial ground for difference of opinion" exists under § 1292(b), courts must examine to what extent the controlling law is unclear. Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted). However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." <u>Id.</u> (footnotes omitted).

<u>Couch v. Telescope Inc.</u>, 611 F.3d 629, 633 (9th Cir. 2010).

Crane argues that there is no substantial ground for a difference of opinion regarding the issues that Plaintiff would raise in the interlocutory appeal because <u>Getz</u> is controlling. This Court disagrees. The Remand Order applied <u>Getz</u> because it is highly instructive as the Ninth Circuit's most recent case addressing the government contractor defense. <u>Getz</u>, however, is not directly on point because it did not consider the government contractor defense in a determination of whether federal officer removal jurisdiction existed and because there are key

13

differences between the facts of the instant case and the facts in Getz.

Further, as the district court in Leite noted, the parties in the twelve asbestos actions pending in this district have presented the same or similar affidavits, as have the parties in asbestos actions around the country. The district courts, however, have reached differing conclusions on the issues, including whether a colorable government contractor defense supported federal officer removal jurisdiction. Leite, 2012 WL 1982535, at *3-4 (listing examples of cases denying remand and cases granting remand). While there is no identifiable split of authority among the appellate courts addressing federal officer removal based on the government contractor defense in failure-to-warn cases, this is likely due to the fact that it was not until the Removal Clarification Act of 2011, Pub. L. No. 112-51, 125 Stat. 545, that parties could appeal orders remanding cases removed pursuant to § 1442.

This Court therefore finds that there is substantial ground for a difference of opinion regarding the questions of law that Plaintiff will raise in the interlocutory appeal.

### III. **Materially Advance the Termination of the Litigation**

As to the third requirement that a proposed interlocutory appeal will materially advance the ultimate termination of the litigation, the district court in Leite

14

stated:

> The requirement that an interlocutory appeal materially advance the ultimate termination of the litigation is directed to the very purpose of § 1292(b)—to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later [in order to] save the courts and the litigants unnecessary trouble and expense." United States v. Adam Bros. Farming, Inc., 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004); see also In re Cement Antitrust Litig., 673 F.2d at 1026 (stating that § 1292(b) is used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation").
>
> And most critical here, an interlocutory appeal is appropriate where resolution of the issue would materially advance the termination of not only the present case, but also other cases pending before the court. See Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990) ("[T]he impact that an appeal will have on other cases is a factor that we may take into account in deciding whether to accept an appeal that has been properly certified by the district court."); Triax Co. v. United States, 20 Cl. Ct. 507, 514 (1990) (determining that an interlocutory appeal would materially advance the litigation because reversal of the trial court would resolve the case and a large number of other cases); see, e.g., Al Maqaleh v. Gates, 620 F. Supp. 2d 51, 55 (D.D.C. 2009) ("[I]nterlocutory appeal is warranted where the jurisdictional determination will impact numerous cases."); In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liability Litig., 399 F. Supp. 2d 320, 324 (S.D.N.Y. 2005) (stating that courts consider, in part, whether the certified issue has precedential value for a large number of cases); Krangel v. Crown, 791 F. Supp. 1436, 1449 (S.D. Cal. 1992) ("Certification for appeal may also materially advance the conclusion of other cases involving this same legal issue.").

2012 WL 1982535, at *6-7 (alterations in Leite).

15

In this Court's view, its is beyond dispute that Plaintiff's proposed interlocutory appeal may facilitate the disposition of this action. If this Court denied the Motion and the case proceeded to summary judgment or trial, the district court and the parties would have unnecessarily wasted significant time and resources if the Ninth Circuit determined on appeal that federal jurisdiction did not exist. Further, as the district court in Leite noted, there are twelve similar asbestos actions pending in this district. 2012 WL 1982535, at *4 (listing cases). The resolution of the threshold legal issues in the instant case may also facilitate the disposition of the other cases as well. This Court therefore finds that Plaintiff's proposed interlocutory appeal may materially advance the termination of the litigation.

Having found that Plaintiff has established all of the requirements necessary for an interlocutory appeal, this Court FINDS that Plaintiff should be allowed to file the proposed interlocutory appeal in the instant case.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Leave to Take an Interlocutory Appeal from Order Dated 4/17/2012, filed May 1, 2012, is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 19, 2012.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DAVID M. THOMPSON, JR. V. CRANE COMPANY, ET AL; CIVIL NO. 11-00638 LEK-RLP; ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE AN INTERLOCUTORY APPEAL FROM ORDER DATED 4/17/2012**